Michael R. McDonald, Esq.
Caroline E. Oks, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4827
Facsimile: (973) 639-6295

*Attorneys for Defendants*
*Tumino's Towing, Inc. and John Tumino*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SEAN KILEY, on behalf of himself and others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>TUMINO'S TOWING, INC., JOHN TUMINO, and JOHN DOES (1-5),<br><br>Defendant. | Civil Action No. _____<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Law Division – Union County, Docket No. UNN-L-399-18] |

**TO: THE CLERK OF THE UNITED STATE DISTRICT COURT**
   **FOR THE DISTRICT OF NEW JERSEY**

**DEFENDANTS TUMINO'S TOWING, INC. AND JOHN TUMINO'S**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendants Tumino's Towing, Inc. and John Tumino file this Notice of Removal, and as grounds for removal state the following:

**A.    The Removed Case.**

1.      Defendants Tumino's Towing, Inc. ("Tumino's Towing") and John Tumino ("Mr. Tumino") (collectively, "Defendants") are defendants in a civil action pending in the Superior Court of New Jersey, Law Division – Union County, Docket No. UNN-L-399-18, styled: *Sean*

*Kiley, on behalf of himself and others similarly situated, v. Tumino's Towing, Inc., John Tumino, and John Does (1-5)*, Docket No. UNN-L-399-18 ("the State Court Action").

**B. This Court Has Diversity Jurisdiction Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because it is a "class action" in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013) ("CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'").

2. In 2014, the Supreme Court of the United States held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S.Ct. 547, 552-553 (2014). Thus, "the grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)." *Grace v. T.G.I. Fridays, Inc.*, No. 14-7233, 2015 WL 4523639, at *3 (D.N.J. July 27, 2015) (quoting *Dart Cherokee,* 135 S. Ct. at 553). Moreover, the Supreme Court and this Court have recognized that "Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee*, 135 S.Ct. at 554 (quoting H.R. Rep. No. 112-10, at 16 (2011)); *Grace*, 2015 WL 4523639 at *3. For the reasons below, this Notice of Removal satisfies the "plausible allegation" standard set forth by the Supreme Court.

3. Here, the requirements for jurisdiction under CAFA are easily satisfied.

**(i)  "Minimal Diversity" is Satisfied.**

4. Plaintiff Sean Kiley's State Court Class Action Complaint (the "State Court Complaint") pleads that Plaintiff Kiley "resides in Ridgefield Park, New Jersey." State Court Complaint, Ex. 3 at ¶ 5. Thus, Plaintiff Kiley is a citizen of New Jersey for diversity purposes.

5. Plaintiff brings claims "on behalf of himself and those similarly situated against Defendants, a towing company and its principal, for unlawful and predatory towing practices." Ex. 3 ¶ 1. Plaintiff also defines the putative class as "[e]ach person whose motor vehicle is registered in his or her name and whose vehicle was non-consensually towed by Defendants from a location in New Jersey." *Id.* ¶ 40. During the putative class period, the persons whose "vehicle was non-consensually towed by Defendants from a location in New Jersey," includes individual persons who reside in states other than New Jersey, including but not limited to New York, Pennsylvania and Connecticut. Accordingly, the proposed class, as defined, includes citizens of multiple states for diversity purposes.

6. Defendant Tumino's Towing is a corporation organized under the laws of the State of New Jersey, with its principal place of business in Ridgefield Park, New Jersey, and Defendant John Tumino is a resident of Oradell, New Jersey. Accordingly, under CAFA, Defendants are citizens of New Jersey for diversity purposes. 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 703 (4th Cir. 2010) (holding that an LLC's citizenship "for purposes of CAFA is that of the State under whose laws it is organized and the State where it has its principal place of business."); *Coleman v.*

3

*Chase Home Fin., LLC*, No. 08-CV-2215, 2009 WL 1323598, at *2 (D.N.J. May 11, 2009) (same).

7. Therefore, minimal diversity required by § 1332(d)(2)(A) is satisfied because there are members of the class of plaintiffs who are citizens of States different from the Defendants.

**(ii) The Aggregate Number of Proposed Class Members is 100 or More.**

8. Plaintiff's Complaint purports to encompass a multi-state class of persons defined as "[e]ach person whose motor vehicle is registered in his or her name and whose vehicle was non-consensually towed by Defendants from a location in New Jersey, not as a result of an accident, and who, any time on or after the day six (6) years prior to the date this Complaint was filed, were provided a written towing invoice the same or similar to that used in the transaction with Plaintiff." Ex. 3 at ¶ 40. Plaintiff defines the term "'same or similar' as it relates to the written towing invoice" as (a) "[a] written towing invoice that contains a charge for and ADMINISTRATION FEE'" (b) "[a] written towing invoice that contains a charge for Labor"; and/or (c) "[a] written towing invoice that contains a charge for Storage." Ex. 3 at ¶ 41.

9. The Complaint states that "[t]he Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable." *Id.* ¶ 42.

10. Though the Complaint does not set forth an estimate of the number of potential class members, since 2012, Defendants have performed approximately 13,000 non-consensual tows, not as the result of an accident, from a location in New Jersey with at least one of the three charges described in Paragraph 41 of the State Court Complaint. Thus, the aggregate number of proposed class members far exceeds 100.

**(iii) The Matter in Controversy Exceeds the Sum or Value of $5,000,000.**

11. The Complaint satisfies the amount in controversy requirement for class actions set forth in 28 U.S.C. § 1332. Section 1332(d)(6) provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* Though Defendants do not concede (a) any liability on Plaintiff's allegations; (b) that these allegations state a claim for a private right of action; (c) that the Complaint was adequately and timely served; and/or (d) the propriety of the putative class allegations of the Complaint, Plaintiff's Complaint places "in controversy" in this Action a sum greater than $5,000,000.

12. The "language of CAFA favors federal jurisdiction over class actions" and "[f]or that reason (and unlike non-CAFA removal situations), 'no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.'" *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 592 n.9 (D.N.J. 2016) (quoting *Dart Cherokee*, 135 S. Ct. at 554). Likewise, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554.

13. The amount in controversy considers all types of relief sought, including "damages," "injunctive relief," and "declaratory relief." *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005); *see also Rasberry v. Capitol Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 600–01 (E.D. Tex. 2009). The calculation also includes any "prospective relief" arising from any requested injunctive relief. *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) ("As such, in determining the 'value of the injunctive relief that the class demands,' the 'cost of prospective relief cannot be ignored in the calculation of the amount in controversy.'"); *see also* Class Action Fairness Act of 2005, S. Rep. No. 109–14, at 42–43. (Feb.

28, 2005), reprinted in 2005 U.S.C.C.A.N. 3, 4041, 2005 WL 627977 (noting that "a class action seeking an injunction that would require a defendant to restructure its business in some fundamental way might 'cost' a defendant well in excess of [the statutory minimum] ..., but might have substantially less 'value' to a class of plaintiffs.").

14. Plaintiff's Complaint seeks damages in excess of the jurisdictional minimum of $5,000,000.

15. Count One of the Plaintiff's Complaint seeks compensatory damages for alleged violations of the New Jersey Consumer Fraud Act ("CFA"), as well as treble damages, attorneys' fees and costs. Ex. 3 ¶¶ 55-65, Prayer for Relief ¶ e, g.

16. Plaintiff alleges that "Defendants['] violations of the CFA at N.J.S.A. 56:8-2 caused Plaintiff and the putative class to suffer ascertainable losses including, but not limited to the following: a. the total fee charged for ADMINISTRATION FEE; b. the total fee charged for Labor; and c. the total fee charged for storage." Ex. 3 ¶ 65. The Complaint specifically alleges that Plaintiff suffered an ascertainable loss of $160 ($35 administration fee; $100 labor fee; $25 storage fee). Ex. 3 ¶ 38. As noted above in paragraph 9, Tumino's Towing performed approximately 13,000 non-consensual tows, not as the result of an accident, from a location in New Jersey during the purported class period alleged in the State Court Complaint. Thus, to the extent Plaintiff is "similarly situated" as all other putative class members, the amount in controversy on the CFA claim alone would exceed $5 million (*i.e.,* $160 X 13,000 = $2,080,000 X 3 (treble damages) = $6,240,000).

17. Furthermore, though the Complaint does not specify the damages sought *for the class* pursuant to the CFA claim, the Complaint clearly claims that all class members suffered an ascertainable loss under the CFA by way of charges for administration fees, labor fees, and

6

storage fees associated with non-consensual (police-ordered) towing services provided by Tumino's Towing. Ex. 3 ¶ 65. Storage fees actually invoiced to class members by Tumino's Towing for non-consensual tows not the result of an accident over the past six years—the purported class period in the complaint—amount to approximately $1,500,000. Using *only* the storage fees—*i.e.*, only one of the three fees which the Complaint claims were unlawful—the amount in controversy on the CFA claim would still exceed the $5 million jurisdictional threshold ($1,500,000 X 3 (treble damages) = $4,500,000, plus $1,350,000 in attorneys' fees (=30% X $4,500,00) = $5,850,000).

18.   "An award of attorneys' fees must be included as part of the amount in controversy determination where such an award is provided for by statute." *Kendall v. CubeSmart L.P.*, 15-CV-6098, 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015). "[C]ourts within this district have adopted a 'reasonableness approach,' which utilizes the median attorneys' fee award of 30% when determining the amount in controversy." *Id.* (collecting cases, and estimating attorneys' fees in CAFA analysis as 30% of potential judgment).

19.   And, the amount in controversy for the CFA Claim would actually be greater because the aforementioned does not take into consideration labor fees and administration fees.

20.   In addition to the CFA Claim, Count Two of Plaintiff's Complaint asserts claims for violations of the NJ Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA"). *See* Ex. 3 at ¶¶ 66-72. Count Two seek damages "of not less than $100 per invoice provided by Defendants, plus attorneys' fees[] and costs pursuant to TCCWNA at N.J.S.A. 56:12-17." Ex. 3 ¶ 72. Further, the Complaint claims that each invoice contains *at least seven* TCCWNA violations. Ex. 3 ¶ 71(a)-(g). The Complaint specifies that Plaintiff demands "judgment for ***maximum*** civil penalties under the Truth in Consumer Contract, Warranty, and Notice Act." Ex.

7

3 ¶ 72, Prayer for Relief ¶ f. Therefore, because the Complaint specifies that it seeks the *maximum* civil penalties, "not less than $100 per invoice," and it is alleged that each invoice contains seven (7) TCCWNA violations, a reasonable reading of Plaintiffs' Complaint is that it demands at least $700 in statutory damages, per invoice. Ex. 3 ¶ 71. *See Garcia v. Tempoe, LLC*, No. 17-cv-2106, 2017 WL 6514148, at *1 (D.N.J. Dec. 19, 2017) ("Because the TCCWNA provides for a civil penalty of 'not less than $100' and Plaintiffs' complaint alleges that each lease agreement contains six (6) TCCWNA violations, the Magistrate Judge's calculation of the amount in controversy (*i.e.*, $600 per lease agreement entered by each class member) was reasonable."); *Walsh v. Defs. Inc*, 16-CV-0753, 2016 WL 6775706, at *3 (D.N.J. July 15, 2016), report and recommendation adopted sub nom. *Walsh v. Defs., Inc.*, 16-CV-0753, 2016 WL 6775634 (D.N.J. Nov. 15, 2016) (aggregating TCCWNA statutory damages for 3,567 potential class members, stating defendant "initially calculated $356,700 in statutory penalties under TCCWNA yet this original estimate conservatively limited itself to just one violation. Since the Amended Complaint alleges *seven* TCCWNA violations, the potential total in statutory damages amounts to $2,496,000.") (internal quotations omitted, emphasis in original). Clearly, then, Count Two of Plaintiff's Complaint places more than $5,000,000 in controversy for removal purposes for TCCWNA statutory damages alone: $700/invoice X 13,000 invoices = $9,100,000.

21. Even if the Court were to apply the most restrictive reading possible to the Complaint, the amount in controversy would still exceed the $5 million jurisdictional threshold because of the inclusion of mandatory attorneys' fees. The Complaint demands recovery of attorneys' fees under the CFA (N.J.S.A. § 56:8-19) and the TCCWNA (N.J.S.A. § 56:12-17). Ex. 3 ¶ 72; *id*. at pp. 15 ¶ (g). Thus, estimating attorneys' fees of 30% of the lowest possible

8

amount-in-controversy scenario still exceeds the $5 million amount in controversy requirement under CAFA. *Kendall v. CubeSmart L.P.*, 2015 WL 7306679, at *5. For example, using only storage fees as CFA damages ($4,500,000), a 30% attorneys' fees would be $1,350,000, making the amount in controversy $5,850,000. The same result is obtained using only Count Two.[1]

22. Thus, the amount placed in controversy by Plaintiff's Complaint clearly exceeds $5,000,000 threshold set by CAFA.

**C.  Removal is Timely.**

23. Plaintiff served its State Court Complaint on Defendants on February 2, 2018. *See* Ex. 2. Therefore, this Notice of Removal is filed within 30 days of February 2, 2018, and is timely under 28 U.S.C. § 1446(b)(1).

**D.  Venue is Proper.**

24. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the State Court Action is pending.

**E.  Notice to State Court.**

25. Defendants will promptly file a Notice of Removal with the Superior Court of the State of New Jersey, Union County – Law Division as required by 28 U.S.C. § 1446(d).

**F.  Notice to Parties.**

26. Defendants will also promptly give Plaintiff written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

**G.  Copies of State Court Filings.**

27. Pursuant to 28 U.S.C. § 1446(a), this notice of removal is accompanied by copies

---

[1] Because the amount in controversy on Plaintiff's TCCWNA claim is already over $5 million ($700 x 13,000 invoices = $9,100,000), attorney's fees do not need to be considered to meet the threshold.

of the following:

    a.    A copy of the letter notify the Clerk of the Superior Court of the State of New Jersey, Union County – Law Division, of removal from state court (**Exhibit 1**);

    b.    All executed process in the case (**Exhibit 2**);

    c.    Pleadings asserting causes of action and all answers to such pleadings (**Exhibit 3**); and

    d.    State Court Track Assignment Notice (**Exhibit 4**).

WHEREFORE, Defendants Tumino's Towing, Inc. and John Tumino hereby effectuates and gives notice of removal of this cause to the United States District Court for the District of New Jersey.

Dated: March 5, 2018                  Respectfully submitted,

                                      s/ Michael R. McDonald
                                      Michael R. McDonald, Esq.
                                      Caroline E. Oks, Esq.
                                      **GIBBONS P.C.**
                                      One Gateway Center
                                      Newark, New Jersey 07102-5310
                                      Telephone: (973) 596-4827
                                      Facsimile: (973) 639-6295

                                      *Attorneys for Defendants*
                                      *Tumino's Towing, Inc. and John Tumino*