# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**STEVEN C. MANNION**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 645-3827

June 26, 2018

## LETTER OPINION

Re: D.E. 10, Plaintiff's Motion to Remand
Kiley v. Tumino's Towing, Inc. et al
Civil Action No. 2:18-cv-3165 (JMV) (SCM)

Dear Counsel:

Pending before the Court is Plaintiff Sean Kiley's Motion to Remand.[1] Defendant Tumino's Towing ("Tumino's Towing") removed this action on the basis that the case qualifies for federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA").[2] Mr. Kiley argues that the Court should remand the case under various exceptions to CAFA jurisdiction or, in the alternative, order jurisdictional discovery to determine the citizenship of the putative class members. Having reviewed and considered the parties' submissions, it is hereby ordered that the parties shall produce limited jurisdictional discovery to determine what percentage of the putative class members are domiciled in New Jersey.

---

[1] (ECF Docket Entry ("D.E.") No. 10).

[2] (D.E. 1, Notice of Removal at ¶ (B)(1)).

## I. BACKGROUND

Mr. Kiley instituted this putative class action to recover damages and injunctive relief for Tumino's Towing allegedly unlawful and predatory towing practices.[3] Mr. Kiley's individual claims arise out of a nonconsensual tow of his vehicle that Tumino's Towing performed from a location in Ridgefield Park, New Jersey on February 15, 2017.[4] The complaint alleges that certain of the fees and charges that Tumino's Towing required Mr. Kiley to pay were unlawful under various New Jersey state consumer protection laws.[5]

Mr. Kiley seeks to certify a class of similarly situated customers whose vehicles were nonconsensually towed by Defendant Tumino's Towing throughout New Jersey during a six year period prior to January 31, 2018, the date Mr. Kiley filed his complaint in the Union County Superior Court.[6] The complaint does not set forth the citizenship of the proposed class members but includes each person "whose vehicle was non-consensually towed by Defendants from a location in New Jersey, not as a result of an accident,"[7] during the relevant time period. Tumino's Towing estimates, based on towing records and invoices, that since 2012 they have performed approximately 13,000 such tows.[8]

---

[3] (D.E. 1, Ex. 3, Pls.' Compl. at ¶ 1).

[4] *Id.* at ¶ 24.

[5] (D.E. 10, Pl.'s Br. in Supp. of Remand at 3).

[6] *Id.* at ¶ 40.

[7] (D.E. 1, Ex. 3, Pls.' Compl. at ¶ 40).

[8] (D.E. 1, Notice of Removal at ¶ 10)

On March 5, 2018, Tumino's Towing removed this action on the ground that this Court has subject matter jurisdiction over the case under the Class Action Fairness Act ("CAFA").[9] Tumino's Towing alleges that this case qualifies for CAFA jurisdiction because it is a class action in which the class has more than 100 members and "'the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs' and 'any member of [the] class of plaintiffs is a citizen of a State different from any defendant.'"[10]

Mr. Kiley does not contest that this case qualifies for federal subject matter jurisdiction under CAFA but filed a Motion to Remand[11] on April 4, 2018 on the ground that remand is required under CAFA's mandatory "Home State" exception or proper under the discretionary "Home State" exception.

## II. ANALYSIS & DISCUSSION

As a preliminary matter, the Court is satisfied that this case qualifies for federal subject matter jurisdiction under CAFA's jurisdictional prerequisites. Therefore, the issue before the court is whether CAFA's mandatory "Home State" exception or the discretionary "Home State" exception apply to this matter.

Under the mandatory exception, a district court must decline to exercise jurisdiction over a class action in which two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the state in which the action was originally

---

[9] *Id.* at ¶ (B)(1).

[10] *Id.* (quoting 28 U.S.C. § 1332(d)(2)(A)).

[11] (D.E. 10).

3

filed.[12] Under the discretionary exception, a district court may, in the interests of justice, decline to exercise jurisdiction over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed.[13]

For the purposes of subject matter jurisdiction, a party's citizenship is synonymous with domicile.[14] Domicile is determined by physical presence in a place combined with intent to remain there.[15]

The defendants in this matter are citizens of New Jersey. Therefore, the only question that remains is whether Mr. Kiley has proven that the required percentage of putative class members are New Jersey citizens. Mr. Kiley argues that "[b]ased on the geographical reality that every vehicle at issue was towed from a location in New Jersey, it is more likely than not that two-thirds or more of these vehicles were registered to New Jersey residents."[16] Tumino's Towing argues that Mr. Kiley has not provided evidence to support his contention that at least one-third of the class plaintiffs are New Jersey citizens and has therefore not met his burden of proving that either exception to CAFA applies.[17]

---

[12] 28 U.S.C. § 1332(d)(4).

[13] *Id.* at (d)(3).

[14] *Ellithy v. Healthcare Training Institute, Inc.*, No. 12-CV-06209, 2013 WL 3480206 at *4 (D.N.J. June 21, 2013) (citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)).

[15] *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47 (1989) (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)).

[16] (D.E. 10-1, Pl.'s Br. in Supp. of Remand at 6).

[17] (D.E. 11, Def.'s Br. in Opp'n to Remand at 3).

4

Where the domicile of the putative class members is unclear, jurisdictional discovery may be ordered to obtain more information regarding their citizenship.[18] Mr. Kiley requests that the Court order such jurisdictional discovery should the Court find that none of the aforementioned exceptions to CAFA apply.[19]

Based on the minimal information before the Court with regard to the proposed class members' citizenship, Mr. Kiley has not shown that an exception to CAFA jurisdiction applies. However, because Mr. Kiley's claims regarding the citizenship of the proposed class members do not appear to be clearly frivolous,[20] and because the Court finds that more information regarding citizenship will assist the Court in determining whether remand is proper, the Court grants Mr. Kiley's request for jurisdictional discovery.

Tumino's Towing possesses ample information regarding the citizenship of the putative class members which will allow the Court to determine whether either of the aforementioned CAFA exceptions apply. Therefore, the Court orders limited jurisdictional discovery to allow Mr. Kiley to determine what percentage of the putative class members are domiciled in New Jersey. The parties shall meet and confer and submit a proposed jurisdictional discovery plan by July 11, 2018.

---

[18] *Hirschbach v. NVE Bank*, 496 F.Supp. 2d 451, 460 (D.N.J. 2007) (ordering CEO of Defendant NVE Bank to submit a certification providing the mailing address on file for the bank's CD customers).

[19] (D.E. 10-1 at 13).

[20] *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (holding that "jurisdictional discovery should be allowed unless plaintiff's claim is 'clearly frivolous'").

**IT IS SO ORDERED.**



6/26/2018 8:45:20 PM

Original: Clerk of the Court
Hon. John Michael Vazquez, U.S.D.J.
cc: All parties
    File