UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| SEAN KILEY | Civil Action No. |
| Plaintiff, | 2:18-CV-3165-JMV-SCM |
| v. | **OPINION AND ORDER ON DISCOVERY DISPUTE** |
| TUMINO'S TOWING, INC., et al, | **D.E. 47** |
| Defendants. | |

**Steven C. Mannion**, United States Magistrate Judge.

Before the Court is Defendants', Tumino's Towing, Inc. and John Tumino (collectively "Tumino's Towing"), informal motion to stay this case pending a decision by the New Jersey Supreme Court in a consolidated appeal known as *Pisack v. B&C Towing, Inc.* ("*Pisack*").[1] Plaintiff, Sean Kiley ("Mr. Kiley"), opposes the stay.[2] The Court has considered the parties' submissions and heard oral argument on March 7, 2019. For the reasons set forth herein, Tumino's Towing's motion for a stay is **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 47, Defs.' Mot.). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 48, Pl.'s Opp'n).

**I. BACKGROUND AND PROCEDURAL HISTORY**[3]

Mr. Kiley instituted this putative class action to recover damages and injunctive relief for Tumino's Towing's allegedly unlawful and predatory towing practices.[4] Mr. Kiley's individual claims arise out of a nonconsensual tow of his vehicle by Tumino's Towing from a location in Ridgefield Park, New Jersey on February 15, 2017.[5] The complaint alleges that certain of the fees and charges that Tumino's Towing required Mr. Kiley to pay were unlawful under various New Jersey state consumer protection laws.[6] Mr. Kiley seeks to certify a class of similarly situated customers whose vehicles were non-consensually towed by Tumino's Towing, Inc.[7]

After Tumino's Towing removed this action, Mr. Kiley filed a motion to remand on the ground that remand is required under CAFA's mandatory "Home State" exception or proper under the discretionary "Home State" exception.[8] The Court, due to insufficient information, was unable to determine the applicability of either exception.[9] Rather, it ordered jurisdictional discovery to obtain more information regarding the citizenship of the putative class members.[10]

---

[3] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Ex. 3, Pls.' Compl. at ¶ 1).

[5] *Id.* at ¶ 24.

[6] (D.E. 10, Pl.'s Br. in Supp. of Remand at 3).

[7] *Id.* at 7.

[8] (D.E. 10, Pl. Mot. to Remand).

[9] (D.E. 18, Letter Opinion and Order).

[10] *Id.*

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[11] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[12] Decisions by magistrate judges must ordinarily be upheld unless "clearly erroneous or contrary to law,"[13] but where the decision concerns a discovery dispute the ruling "is entitled to great deference and is reversible only for abuse of discretion."[14] That includes whether or not to stay discovery.[15]

## III. LEGAL STANDARD

A party seeking to stay discovery pending the outcome of a dispositive motion bears the burden of demonstrating "good cause."[16] A finding of "good cause" requires a balancing of competing interests and the court's inherent interest in promoting "fair and efficient adjudication" of the claims.[17] "Courts generally do not favor granting motions to stay discovery because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses

---

[11] 28 U.S.C. § 636(b)(1)(A).

[12] L. CIV. R. 72.1(a)(1); 37.1.

[13] § 636(b)(1)(A).

[14] *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 63-64 (D.N.J. 1996); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

[15] *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007).

[16] *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009).

[17] *See Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421, 424 (D.N.J. 2003).

and problems."[18] "[I]t is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."[19] The party seeking a stay must demonstrate "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay will work damage to someone else."[20] In determining whether a party has satisfied this burden, courts generally weigh a number of factors.[21] Those factors are:

> (1) whether … [the] stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party …; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party …; (3) whether … [the] stay would simplify the issues and the trial of the case …; and (4) whether discovery is complete and/or a trial date has been set.[22]

## IV. DISCUSSION AND ANALYSIS

The burden of demonstrating good cause rests on Tumino's Towing as the party seeking the stay. On balance, the Court finds that Tumino's Towing has not demonstrated good cause for the issuance of a stay at this juncture, prior to completion of jurisdictional discovery. The Court will allow Tumino's Towing to renew its informal request for a stay after jurisdictional discovery has been completed and motions to remand have been filed and adjudicated, if the appellate decision is still pending in state court at that time.

---

[18] *Thompson v. Warren*, No. 13-4334, 2015 WL 3386487, at *2 (D.N.J. May 26, 2015) (citing *Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009); *see also Actelion Pharm. Ltd. v. Apotex Inc.*, No. 12-5743, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) (internal citations omitted).

[19] *Gerald Chamales Corp. v. Oki Data Ameriacs, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (internal citations omitted).

[20] *Id.* at 456-57 (internal quotations omitted).

[21] *Actelion Pharmaceutials Ltd v. Apotex*, 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013) (internal citations and quotations omitted).

[22] *Id.*

The first factor in weighing whether a stay is appropriate, *i.e.*, whether a stay would result in prejudice to Mr. Kiley, weighs against staying this action. Mr. Kiley has actively litigated this case for over a year since March of 2018 and has invested resources in pursuing jurisdictional discovery in order to file a motion to remand. "Plaintiff has a right to have its case heard expeditiously while this lawsuit is pending."[23] Mr. Kiley initially sought to remand this case to state court on the grounds that the Class Action Fairness Act's "home state" exceptions apply. After the Court ordered jurisdictional discovery, Mr. Kiley sought to determine whether two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of New Jersey through written discovery and a Rule 30(b)(6) Notice of Deposition. When Tumino's Towing failed to produce information, Mr. Kiley wrote to the Court in November of 2018 by joint letter seeking to compel the discovery, and the Court granted Mr. Kiley's motion to compel Tumino's Towing to produce a corporate designee to testify on certain Topics in the Notice of Deposition.[24] To this date, Tumino's Towing has still not produced the 30(b)(6) witness, on the grounds that it would only discuss proceeding with the deposition after the instant motion to stay was decided.[25] Staying this action would effectively keep this case in federal court even though discovery has not been completed to determine whether jurisdiction is appropriate here in the first place.

The Court also notes that Tumino's Towing's actions are delaying the Court's resolution of whether it has jurisdiction over this matter. The Court's Order[26] granting in part Mr. Kiley's motion to compel the 30(b)(6) deposition was not contingent on whether or not it allowed

---

[23] *Gerald Chamales Corp.,* 247 F.R.D. at 455.

[24] (D.E. 46).

[25] (D.E. 55).

[26] (D.E. 46).

5

Tumino's Towing to file a motion to stay. In fact, the Court allowed Tumion's Towing to file its motion to stay in the same Order in which it required the 30(b)(6) deposition. A sensible reading of the Order is that the Court determined it would be most efficient and serve the interest of justice to proceed with the 30(b)(6) deposition on the topics it ordered, while awaiting the filing of the Motion to Stay.

The second factor, whether denial of the stay would create a clear case of hardship or inequity for Tumino's Towing, weighs against granting a stay before jurisdictional discovery is completed. The only argument that Tumino's Towing makes related to this factor is a conclusory statement that a stay "will prevent [the parties] from spending additional time and money on costly discovery and motion practice that may be wholly unnecessary."[27] "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[28] Tumino's Towing does not provide any support for its argument that the remaining jurisdictional discovery and filing of briefs for the motion to remand would be costly. In fact, the parties had already submitted briefs on a motion to remand during the early stages of this case, so re-submitting motions to remand that incorporate the jurisdictional discovery conducted may actually result in motion practice that is less costly. Tumino's Towing also argues that its discovery responses demonstrate that it does not have information on the citizenship of the vehicle owners.[29] If indeed this is the case, the completion of jurisdictional discovery would allow Tumino's Towing to argue that Mr. Kiley cannot show that an exception

---

[27] (D.E. 47-1 at 7).

[28] *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 455 (D.N.J. 2007) (citing *Cipollone v. Liggett Group, Inc*., 785 F.2d 1108, 1121 (3d Cir. 1986).

[29] *Id.* at 14.

6

to CAFA jurisdiction applies, and the case is properly in federal court. If the case indeed remains in federal court after motions to remand have been decided, Mr. Kiley may informally seek to renew his request for an informal stay, resulting in no hardship or inequity for Tumino's Towing.

The third factor, whether the stay would simplify the issues and the trial of the case, weighs against staying the case. Tumino's Towing argues that entry of a stay would narrow or outright eliminate the need for discovery "because if the New Jersey Supreme Court holds … that the Legislature's December 20, 2018 amendment should be applied retroactively, the decision will … substantially impact or render moot this action."[30] Mr. Kiley, on the other hand, contends that the New Jersey Supreme Court's decision will not "streamline the issues in this matter" because "whatever [the *Pisack* decision] may reveal[, it] will not alter the issue of jurisdiction."[31] The Court finds that a stay would not simplify the issues and trial of the case, because keeping a case in federal court when it might not properly be here on the grounds of jurisdiction does not simplify the issues in a case. On the contrary, if the parties complete the limited remaining jurisdictional discovery and the Court finds that remand is appropriate, this would simplify the issues *and* trial of the case, by avoiding trial and further case management in this court through remanding it to state court where the appellate issues are being adjudicated. If the Court stayed the matter pending resolution of the appellate action, and the appellate action did not resolve in a manner that would dismiss the instant case, then the Court would be burdened with a case that still has not completed jurisdictional discovery despite having been removed to federal court in March of 2018.

---

[30] (D.E. 47-1, Defs.' Br. at 13).

[31] (D.E. 48, Pl.'s Br. at 21).

The fourth factor, whether discovery is complete and/or a trial date has been set, weighs against a stay. Jurisdictional discovery has not been completed and delaying resolution of the motion to remand pending the appellate decision could result in creating case management problems should the appellate decision have no impact on the instant case. "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems."[32] Staying this case indefinitely before jurisdictional discovery is completed could potentially result in two years passing in this case without completion of jurisdictional discovery.

An appropriate order follows:

## ORDER

**IT IS** on this Monday, June 10, 2019,

1. **ORDERED**, that the Motion to Stay [D.E. 47] is DENIED without prejudice to the parties' right to informally request a stay after motions to remand have been filed and adjudicated; and

2. **ORDERED**, that the Rule 30(b)(6) deposition shall be completed no later than by June 27, 2019; and

---

[32] *Coyle v. Hornell Brewing Co.*, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (internal citations omitted).

3.   **ORDERED**, that the parties shall complete jurisdictional discovery by July 31, 2019.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/10/2019 12:01:17 PM

Original: Clerk of the Court
Hon. John M. Vazquez, U.S.D.J.
cc: All parties
    File