**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SEAN KILEY, *on behalf of himself and all other similarly situated persons*,

*Plaintiff*,

v.

TUMINO'S TOWING, INC., *et al.*,

*Defendants*.

Civil Action No. 18-3165

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

  This matter comes before the Court on Plaintiff Sean Kiley's motion to remand based on a Class Action Fairness Act ("CAFA") jurisdictional exception. D.E. 79. Defendants John Tumino and Tumino's Towing, Inc. ("Tumino's Towing") filed a brief in opposition, D.E. 82, to which Plaintiff replied, D.E. 85.[1] The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Plaintiff's motion to remand is **GRANTED**.

### I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

  Plaintiff filed this putative class action in New Jersey state court to recover damages and injunctive relief for Defendants' allegedly unlawful and predatory towing practices. Plaintiff alleges that Defendants towed his car at the request of Ridgefield Park law enforcement due to a

---

[1] For purposes of this Opinion & Order, Plaintiff's brief in support of his motion to remand is referred to as "Plf. Br." (D.E. 79-1), Defendants' brief in opposition is referred to as "Defs. Opp." (D.E. 82), and Plaintiff's reply brief is referred to as "Plf. Reply" (D.E. 85).

parking violation, without Plaintiff's consent.  Compl. ¶¶ 23-25.  Defendants took Plaintiff's car to a Tumino's Towing storage facility.  When Plaintiff went to retrieve his car, Tumino's Towing provided Plaintiff with an invoice for charges related to the towing.  *Id.* ¶¶ 27, 35-36.  Plaintiff paid the full amount on the invoice.  *Id.* ¶ 37.  Plaintiff alleges that certain of the fees and charges he paid violate multiple New Jersey consumer protection laws and regulations.  *Id.* ¶¶ 54-72.

Plaintiff initially filed suit in New Jersey state court individually and on behalf of a putative class of individuals whose motor vehicles were "non-consensually towed by Defendants from a location in New Jersey, not as a result of an accident, and who . . . were provided a written towing invoice the same or similar to that used in the transaction with Plaintiff."  *Id.* ¶ 40.  Defendants removed the matter to this Court on March 5, 2018.  D.E. 1.  Defendants maintained that the Court has diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d).  Notice of Removal ¶ 1.  In establishing that minimal diversity existed, Defendants explained that since 2012, they performed approximately 13,000 non-consensual tows, *id.* ¶ 10, and that class members reside in New Jersey, New York, Pennsylvania and Connecticut, *id.* ¶ 5.

On April 4, 2018, Plaintiff filed a motion to remand on the basis of CAFA's jurisdictional exceptions, or in the alternative, for the Court to permit jurisdictional discovery.  D.E. 10.  Judge Mannion denied Plaintiff's motion to remand on June 26, 2018 but granted Plaintiff's request for limited discovery.  June 26 Opinion at 1, D.E. 18.  At the outset, Judge Mannion determined that "this case qualifies for federal subject matter jurisdiction under CAFA's jurisdictional prerequisites."  *Id.* at 3.  Judge Mannion further stated that Plaintiff failed to show that an exception to CAFA jurisdiction applies.  *Id.* at 5.  Judge Mannion, however, concluded that "more information regarding [class members'] citizenship will assist the Court in determining whether remand is proper."  *Id.*  Consequently, Judge Mannion ordered "limited jurisdictional discovery to

2

allow Mr. Kiley to determine what percentage of the putative class members are domiciled in New Jersey." *Id.* After the parties engaged in this limited discovery, Plaintiff filed a renewed motion to remand. D.E. 79.

## II. LEGAL STANDARD

A motion to remand is generally governed by 28 U.S.C. § 1447(c), which provides that removed cases shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties about the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes are strictly construed against removal and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

## III. ANALYSIS

Because Judge Mannion already determined that this matter satisfies the CAFA jurisdictional requirements,[2] June 26 Opinion at 3, the Court focuses its attention on the CAFA

---

[2] "CAFA provides federal courts with jurisdiction over civil class actions if the 'matter in controversy exceeds the sum or value of $5,000,000,' the aggregate number of proposed class members is 100 or more, and any class member is a citizen of a state different from any defendant."

jurisdictional exceptions.  CAFA provides exceptions to federal court jurisdiction even if the requirements of Section 1332(d)(2) are otherwise satisfied.  *See Ardino v. RetroFitness, LLC*, No. 14-1567, 2014 WL 7271937, at *3 (D.N.J. Dec. 18, 2014).  There are two mandatory exceptions: the "local controversy" exception and the "home state" exception.  28 U.S.C. § 1332(d)(4).  If either exception applies, the Court must remand the matter to state court.  *Ardino*, 2014 WL 7271937, at *3.  In addition, a district court may decline to exercise jurisdiction if the "discretionary home state" exception applies.  28 U.S.C. § 1332(d)(3).  "The party seeking to invoke an exception bears of the burden of proving by a preponderance of the evidence that the exception applies."  *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013). In this instance, Plaintiff argues that the mandatory and discretionary home state exceptions apply.

### A.  Mandatory Home State Exception

Plaintiff first maintains that this case must be remanded because of the mandatory home state exception.  This exception applies if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  As discussed, this matter was originally filed in New Jersey state court.  In addition, the parties do not dispute that Defendants are both domiciled in New Jersey.[3]  Compl. ¶¶ 6-8.  Thus, Plaintiff must establish that two-thirds of the putative class members are citizens of New Jersey for the exception to apply.

Plaintiff contends that the proposed class is comprised of approximately 13,000 members and that approximately 1,900 of these vehicles had out-of-state license plates.  Plf. Br. at 15.

---

*Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (quoting 28 U.S.C. § 1332(d)(4)(B)).

[3] Tumino's Towing is a New Jersey corporation, with its principal place of business in Ridgefield Park, New Jersey, and John Tumino resides in Oradell, New Jersey.  Notice of Removal ¶ 6.

Plaintiff further maintains that the state-affiliation of license plates is sufficient to establish citizenship for the class members. *Id.* at 15 n. 3. Plaintiff continues that because approximately 11,000 class members are New Jersey citizens, based on their license plates, he easily satisfies the mandatory home state exception. *Id.* at 15-16.

Defendants argue that Plaintiff's motion must be denied because Plaintiff fails to identify new evidence as to the class members' citizenship. Defs. Opp. at 10. The Court disagrees. Plaintiff relies in part on the July 16, 2019 deposition of Lawrence LaManna, Tumino's Towing's Rule 30(b)(6) witness. *See* Considine Cert., Ex. G. In the deposition, Mr. LaManna agreed that the estimated 1,900 out-of-state plates from the approximately 13,000 non-accident related tows was an accurate figure. *Id.* at 64:10-65:1. This is new information that is sufficient to establish, by a preponderance of the evidence, that more than two-thirds of the class members are New Jersey citizens.

With approximately 13,000 members of the putative class, 8,667 or more would have to be from New Jersey for the two-thirds threshold to be met. Here, subtracting 1,900 from 13,000, leaves a total of 11,100 – or 2,433 more members than necessary to reach the threshold.

Defendants repeatedly stress that these numbers are estimates and that there are mistakes in the database from which Mr. LaManna pulled the numbers. Consequently, Defendants maintain that Plaintiff fails to meet his burden. Defendants identify one such mistake in their answer to Supplemental Interrogatory No. 11 where the driver's license associated with a vehicle was from a different state than the license plate. *See* Considine Cert., Ex. I. In addition, in Mr. LaManna's continued deposition, which was permitted by Judge Mannion at Plaintiff's request, D.E. 63 at 5, 73, Mr. LaManna explained that a New Jersey license plate is the default option in the computer program from where Defendants pulled this information, and that Tumino's Towing employees

do not always input the correct information. McDonald Decl., Ex. K at 21:14-22:21. But Mr. LaManna went on to explain that "[a] lot of times [the employees] change it to the correct state." *Id.* 22:10-11. Thus, even assuming that the database contains mistakes, there would need to be thousands of errors for the number of out-state license plates to fall below two-thirds threshold for the mandatory home state exception. There is no evidence suggesting that a mistake of this magnitude occurred.[4] As a result, the Court concludes that Plaintiff establishes, by a preponderance of the evidence, that two-thirds of the putative class are citizens of New Jersey such that the mandatory home state exception applies.

### B. Discretionary Home State Exception

Even if Plaintiff failed to establish that two-thirds of the proposed class members were not New Jersey citizens, remand would still be appropriate based on the discretionary home state exception. Pursuant to the discretionary home state exception, a court, "in the interests of justice," may decline to exercise jurisdiction over a class action "in which greater than one-third but less than two-thirds of the members of the proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3)). To determine whether to exercise its discretion under the exception, a court must consider

> the totality of the circumstances . . . based on a consideration of
>
> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

---

[4] Defendants also maintain that class members who were originally New Jersey citizens may have moved. Defs. Opp. at 24-26. While it is plausible to believe that some members of the class have relocated, the Court does not believe that thousands of individuals have left the state, and Defendants provide no factual support for this argument.

>  (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>  (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>  (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).  "These factors are designed to elicit whether the parties' dispute is 'uniquely local' as opposed to multistate in character." *Lee v. Cent. Parking Corp.*, No. 15-454, 2015 WL 4510128, at *17 (D.N.J. July 24, 2015).  If on balance the factors suggest that the dispute is local, "the court may exercise its discretion to remand." *Id.*

As to the one-third threshold, approximately 4,334 members of the putative class would have to be from New Jersey.  In light of analysis noted above, this number is easily met. Moreover, the balance of factors demonstrates that this matter is uniquely local.  As discussed, Plaintiff alleges that Defendants violated New Jersey consumer protection statutes and regulations.  Thus, Factors (A) and (B) weigh towards remand.  *See* Compl. ¶¶ 54-72.  As for Factor (C), there is nothing to suggest that Plaintiff seeks to avoid federal jurisdiction through artful pleading.  Indeed, Plaintiff relies on his original Complaint in support of his position.  Factors (D) and (E) also support remand.  Plaintiff seeks recourse for alleged unlawful practices committed by a New Jersey corporation, and Plaintiff does not assert any other state or federal violations.  Although some class members are not New Jersey citizens, the claims arise because a New Jersey corporation allegedly towed cars that were located in New Jersey.  Finally, neither party has provided the Court with evidence suggesting that there is any other class action asserting the same or similar claims on behalf of class members.  Thus, Factor (F) also weighs towards remand.

Therefore, even if the mandatory home state exception did not apply, the Court would still exercise its discretion under 28 U.S.C. § 1332(d)(3)) and remand the matter.

### C. Attorneys' Fees

Plaintiff argues that he is entitled to an award of attorney's fees and costs in connection with this motion for remand, pursuant to 28 U.S.C. § 1447(c). Plf. Br. at 21. "Absent 'unusual circumstances,' attorney's fees may be awarded 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Gallagher v. Johnson & Johnson Consumer Cos., Inc.*, 169 F. Supp. 3d 598, 611 n.10 (D.N.J. 2016) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Given the fact that Judge Mannion initially determined that Defendants demonstrated that this Court had jurisdiction under CAFA and jurisdictional discovery was necessary, the Court cannot conclude that Defendants' lacked an objectively reasonable basis for seeking removal. Accordingly, the Court will not award Plaintiff attorney's fees pursuant to 28 U.S.C. § 1447(c).

## IV. CONCLUSION

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 28th day of December, 2020

**ORDERED** that Plaintiff's motion to remand (D.E. 79) is **GRANTED**; and it is further

**ORDERED** that this matter is **REMANDED** to the Superior Court of New Jersey, Law Division, Union County; and it is further

**ORDERED** that Plaintiff's motion for fees is **DENIED**, and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter.

_____
John Michael Vazquez, U.S.D.J.